| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** <br> Caption in compliance with D.N.J. LBR 9004-1(b) <br> **WASSERMAN, JURISTA & STOLZ, PC** <br> Donald W. Clarke <br> 110 Allen Rd., Ste. 304 <br> Basking Ridge, New Jersey 07920 <br> Telephone: (973) 467-2700 <br> Facsimile: (973) 467-8126 <br> Email: dclarke@wjslaw.com <br><br> *Counsel to In Jin Choi, Young Soo Choi, and Blazewood Capital Partners, LLC* | |
| In re: <br><br> NUVICO, INC., <u>et</u> <u>al</u>.,[1] <br><br>                Debtors. | Case No.: 16-33240 (SLM) <br> (Jointly Administered) <br> Chapter 7 <br> Judge: Honorable Stacey L. Meisel |
| CHARLES A. STANZIALE, JR., in his capacity as Chapter 7 Trustee of Nuvico, Inc., *et al.,* <br><br>                Plaintiff, <br> v. <br><br> IN JIN CHOI, YOUNG SOO CHOI and BLAZEWOOD CAPITAL PARTNERS, LLC, <br><br>                Defendants. | Adv. Pro. No.: 18-01613 (SLM) |

## ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT

In Jin Choi ("IJ Choi"), Young Soo Choi ("YS Choi"), and Blazewood Capital Partners, LLC ("Blazewood", collectively, with IJ Choi and YS Choi, the "Defendants"), by way of answer to the complaint of Charles A. Stanziale, Jr., Chapter 7 Trustee of the Debtors ("Plaintiff" or "Trustee") states as follows:

---

[1] The "Debtors" are Nuvico, Inc., Nuvico, LLC, Sky Mobile Solutions, LLC, and TVS Enterprises, Inc.

## JURISDICTION

1. The Defendants admit the allegations contained in paragraph 1 of the complaint.

## PROCEDURAL BACKGROUND

2. The Defendants admit the allegations contained in paragraph 2 of the complaint.

3. The Defendants with personal knowledge of the relevant underlying facts implicated in this paragraph admit the allegations contained in paragraph 3 of the complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the complaint.

5. The Defendants admit the allegations contained in paragraph 5 of the complaint.

## ALLEGATIONS

6. IJ Choi admits the allegations contained in paragraph 6 of the complaint. YS Choi and Blazewood lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

7. IJ Choi admits the allegations contained in paragraph 7 of the complaint. YS Choi and Blazewood lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

8. IJ Choi admits the allegations contained in paragraph 8 of the complaint. YS Choi and Blazewood lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

9. IJ Choi admits the allegations contained in paragraph 9 of the complaint. YS Choi and Blazewood lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

10. IJ Choi admits the allegations contained in paragraph 10 of the complaint. YS Choi and Blazewood lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

11. IJ Choi admits the allegations contained in paragraph 11 to the extent they identify IJ Choi as the President of Nuvico, Inc. and a member of Nuvico, LLC. IJ Choi denies the allegations to the extent they ignore the job duties and roles of others in the operations and administration of the business and finances of Nuvico, Inc. at all relevant times. YS Choi and Blazewood lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

12. IJ Choi and YS Choi admit the allegations contained in paragraph 12 of the complaint. Blazewood lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

13. IJ Choi and YS Choi admit the allegations contained in paragraph 13 of the complaint. Blazewood lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

14. Blazewood admits the allegations contained in paragraph 14 of the complaint. IJ Choi and YS Choi lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

15. Paragraph 15 references written documents. IJ Choi and Blazewood deny any characterizations or summaries which are inconsistent with these documents. YS Choi lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

16. Paragraph 16 references written documents. Blazewood denies any characterizations or summaries which are inconsistent with these documents. IJ Choi and YS Choi lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

17. Paragraph 17 references written documents. Blazewood denies any characterizations or summaries which are inconsistent with these documents. IJ Choi and YS Choi lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

## FIRST COUNT

### (Preferential Transfers Pursuant to 11 U.S.C. § 547(b)(4)(A) In Jin Choi and Young Soo Choi)

18. Defendants repeat their answers to the allegations above as if set forth herein at length.

19. Paragraph 19 references written documents. IJ Choi and YS Choi deny any characterizations or summaries which are inconsistent with these documents. YS Choi further denies the allegations based on the fact that the Schedule A, referenced by the Plaintiff and attached to the complaint, only lists YS Choi as a "payee" on one of the four (4) checks.

20. Paragraph 20 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

21. Paragraph 21 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

22. Paragraph 22 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

23. Paragraph 23 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs. The Defendants admit that 11 U.S.C. § 547(f) provides for a rebuttable presumption of insolvency for the 90 days preceding the filing of a bankruptcy petition.

24. Paragraph 24 includes a conclusory opinion of the Plaintiff. The Defendants neither admit nor deny the allegations and leave the Plaintiff to his proofs.

## SECOND COUNT

### (Preferential Transfers Pursuant to 11 U.S.C. § 547(b)(4)(B)
### In Jin Choi and Young Soo Choi)

25. Defendants repeat their answers to the allegations above as if set forth herein at length.

26. Paragraph 26 references written documents. IJ Choi and YS Choi deny any characterizations or summaries which are inconsistent with these documents. YS Choi further denies the allegations based on the fact that the Schedule B, referenced by the Plaintiff and attached to the complaint, only lists YS Choi as a "payee" on one of the twenty-eight (28) entries.

27. Paragraph 27 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

28. Paragraph 28 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

29. Paragraph 29 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

30. Paragraph 30 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

31. Paragraph 31 references written documents. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

32. Paragraph 32 references written documents. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

33. Paragraph 33 references written documents, and includes a conclusory opinion of the Plaintiff. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

34. Paragraph 34 references written documents, and includes a conclusory opinion of the Plaintiff. IJ Choi denies any characterizations or summaries which are inconsistent with these

documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

35. Paragraph 35 references written documents, and includes a conclusory opinion of the Plaintiff. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

36. Paragraph 36 references written documents, testimony provided after two (2) years of stagnation and no opportunity for refreshment of recollection, and includes a conclusory opinion of the Plaintiff. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

37. Paragraph 37 references written documents, and includes a conclusory opinion of the Plaintiff. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

38. Paragraph 38 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

39. Paragraph 39 references written documents, and testimony provided after two (2) years of stagnation and no opportunity for refreshment of recollection. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

40. Paragraph 40 references written documents, and includes a conclusory opinion of the Plaintiff. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

41. Paragraph 41 references written documents. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

42. Paragraph 42 references written documents. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

43. Paragraph 43 references written documents. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

44. Paragraph 44 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

45. Paragraph 45 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

## **THIRD COUNT**

### **(Preferential Transfers Pursuant to 11 U.S.C. § 547(b)(4)(A)**
### **Blazewood Capital Partners, LLC)**

46. Defendant repeats the answers to the allegations above as if set forth herein at length.

47. Blazewood admits the allegations contained in paragraph 47 of the complaint, and denies any characterizations or summaries.

48. Paragraph 48 references written documents. Blazewood denies any characterizations or summaries which are inconsistent with these documents.

49. Paragraph 49 includes a conclusory opinion of the Plaintiff. The Defendant lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

50. Paragraph 50 includes a conclusory opinion of the Plaintiff. The Defendant lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs. The Defendant admits that 11 U.S.C. § 547(f) provides for a rebuttable presumption of insolvency for the 90 days preceding the filing of a bankruptcy petition.

51. Paragraph 51 includes a conclusory opinion of the Plaintiff. The Defendant lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

## FOURTH COUNT

### (Preferential Transfers Pursuant to 11 U.S.C. § 547(b)(4)(B)
### Blazewood Capital Partners, LLC)

52. Defendant repeats the answers to the allegations above as if set forth herein at length.

53. Blazewood admits the allegations contained in paragraph 53 of the complaint, and denies any characterizations or summaries.

54. Paragraph 54 includes a conclusory opinion of the Plaintiff. The Defendant lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

55. Paragraph 55 includes a conclusory opinion of the Plaintiff. The Defendant lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

56. Paragraph 56 includes a conclusory opinion of the Plaintiff. The Defendant lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

57. Paragraph 57 includes a conclusory opinion of the Plaintiff. The Defendant lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

## FIFTH COUNT

### (Fraudulent Transfers Pursuant to 11 U.S.C. § 548)

58. Defendants repeat the answers to the allegations above as if set forth herein at length.

59. Paragraph 59 references written documents. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. Blazewood and YS Choi lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

60. IJ Choi denies the allegations contained in paragraph 60 to the extent they ignore the job duties and roles of others in the operations and finances of Nuvico, Inc. YS Choi and Blazewood lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

61. Paragraph 61 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs. To the extent the Plaintiff intended to allege that IJ Choi caused the Debtors to act in the manner described, then such allegations are denied.

62. Paragraph 62 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs. To the extent the Plaintiff intended to allege that IJ Choi caused the Debtors to act in the manner described, then such allegations are denied.

63. Paragraph 63 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

64. Paragraph 64 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

65. IJ Choi and Blazewood admit the allegations contained in paragraph 65 of the complaint, and denies any characterizations or summaries. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

66. Paragraph 64 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

## SIXTH COUNT

### (Fraudulent Transfers Pursuant to N.J.S.A. 25:2-25A)

67. Defendants repeat the answers to the allegations above as if set forth herein at length.

68. Paragraph 68 references written documents. IJ Choi denies any characterizations or summaries which are inconsistent with these documents. Blazewood and YS Choi lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

69. Paragraph 63 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

70. Paragraph 70 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs. To the extent the Plaintiff intended to allege that IJ Choi caused the Debtors to act in the manner described, then such allegations are denied.

71. Paragraph 71 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs. To the extent the Plaintiff intended to allege that IJ Choi caused the Debtors to act in the manner described, then such allegations are denied.

72. Paragraph 72 references written documents. IJ Choi and Blazewood deny any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

73. Paragraph 73 references written documents. IJ Choi and Blazewood deny any characterizations or summaries which are inconsistent with these documents. YS Choi lacks personal knowledge and information sufficient to form a belief as to the truth of the allegations and leaves the Plaintiff to his proofs.

74. Paragraph 74 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

75. Paragraph 75 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

76. Paragraph 76 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

## SEVENTH COUNT

### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

77. Defendants repeat the answers to the allegations above as if set forth herein at length.

78. Paragraph 78 is, in sum and substance, a duplicate of paragraph 77. For the avoidance of doubt, the Defendants repeat the answers to the allegations above as if set forth herein at length.

79. Paragraph 79 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

80. Paragraph 80 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

81. Paragraph 81 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

## EIGHTH COUNT

### (Disallowance of Claims Pursuant to 11 U.S.C. §§ 502(d) and (j))

82. Defendants repeat the answers to the allegations above as if set forth herein at length.

83. Paragraph 83 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

84. Paragraph 84 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

85. Paragraph 85 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

86. Paragraph 86 includes a conclusory opinion of the Plaintiff. The Defendants lack personal knowledge and information sufficient to form a belief as to the truth of the allegations and leave the Plaintiff to his proofs.

**WHEREFORE**, the Defendants respectfully request the entry of judgment in their favor and against the Trustee, denying all relief requested in his complaint, and granting the Defendants all the relief this Court deems just and equitable, including attorney fees and costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's complaint may be barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's complaint may be barred, in whole or in part, by the applicable doctrines of laches, waiver, or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Debtors may not have been insolvent at the time of the transfers the Trustee seeks to avoid; may not have been engaged in business or a transaction, or not have been about to engage in business or a transaction, for which any property remaining was an unreasonably small capital; may not have intended to incur, or believed that they would incur, debts that would be beyond their ability to pay as such debts matured; or may not have made such transfers to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, not in the ordinary course.

### FIFTH AFFIRMATIVE DEFENSE

The transfers were not made to the Defendants with the intent to prefer.

### SIXTH AFFIRMATIVE DEFENSE

The transfers are not avoidable because they are protected by exceptions contained within 11 U.S.C § 547, including, but not limited to: (i) Defendants provided money to the Debtors after the Defendants' receipt of the alleged preferential payments and, therefore, Defendants are entitled to a credit for said amounts as new value; and (ii) Defendants' transfers of cash to or for the benefit of the Debtors and subsequent repayment was in the ordinary course of business.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's complaint may be barred, in whole or in part, because the Defendants provided good and sufficient consideration and value, and the Debtors received fair and equitable value, for any transfers the Defendants are alleged to have received.

### EIGHTH AFFIRMATIVE DEFENSE

The damages demanded in the complaint are overstated.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred, in whole or in part, by the Defendants' right of setoff and/or recoupment.

### TENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff is successful in recovering the alleged avoidable transfers, the Defendants have a lien on such recovery, and are entitled to retain the interest to the extent of the value given in exchange for such transfers pursuant to 11 U.S.C. § 548.

### RESERVATION OF RIGHTS AS TO OTHER DEFENSES

Additional facts, which may be revealed by future discovery, may support Defendants' assertion of additional affirmative defenses that are available, but unknown, to the Defendants at this time. Defendants reserve the right to assert such additional defenses.

**WHEREFORE**, the Defendants respectfully request the entry of judgment in their favor and against the Trustee, denying all relief requested in his complaint, and granting the Defendants all the relief this Court deems just and equitable, including attorney fees and costs.

**WASSERMAN, JURISTA & STOLZ, P.C.**
*Counsel to In Jin Choi, Young Soo Choi, and Blazewood Capital Partners, LLC*

*/s/ DONALD W. CLARKE, ESQ.*
Donald W. Clarke, Esq.
110 Allen Road
Suite 304
Basking Ridge, NJ 07920
Telephone: (973) 346-7604
Facsimile: (973) 467-8126
Email: dclarke@wjslaw.com

Dated: May 22, 2019